FILED
2026 Nov-03 PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MOHAMED AKL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **7:26-cv-1317-EGL** |
| **MERCEDES-BENZ** | ) | |
| **U.S. INTERNATIONAL, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION & ORDER

Mohamed Akl sued Mercedes-Benz U.S. International, Inc., asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, for unpaid overtime wages. *See* Doc. 1. Pending before the Court is the parties' joint motion for approval of their settlement agreement. Doc. 3. After reviewing the motion and the proposed settlement agreement, the Court **GRANTS** the motion.

## BACKGROUND

Mohammed Akl was employed by Mercedes-Benz at its automobile manufacturing facility in Tuscaloosa County, Alabama, since 2020. Doc. 1 at 4, ¶¶14–15. He began as a vehicle repair technician, before being promoted to a Team Leader. *Id.* at ¶¶15–16. Between July 27, 2023, and November 2025, Akl worked as a Team Leader and was paid between $38.85 and $39.90 per hour. *Id.* at 4–5, ¶¶17,

22. He claims he was required to work extensive amounts of time off the clock and that this amounted to between 10 and 20 hours each week. *Id.* at 5–9. He contends that he is entitled to time-and-a-half overtime pay for that work. *Id.* at 9, ¶41. He asserts a single count in his complaint for "FLSA Violations." *Id.* at 9–11, ¶¶42–49.

After Akl filed his complaint, his counsel and counsel for Mercedes-Benz "engaged in informal discovery, including the exchange of information about the claim and information and documents regarding the nature and amount of hours worked by the Plaintiff and Plaintiff's compensation." Doc. 3 at 2. After the parties analyzed "the disputed evidence on liability and damages, the Parties … negotiated and determined the settlement amount of $20,000.00 total to Plaintiff." *Id.* The parties now move for the Court's approval of that settlement.

## DISCUSSION

"In the overwhelming majority of civil actions brought in federal court, settlements are not subject to judicial oversight, scrutiny, or approval." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *2 (S.D. Ala. Feb. 14, 2013). But "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982). Even so, in litigation over FLSA wage claims, claims can be settled, but only after the district court has "scrutiniz[ed] the settlement

for fairness" and approved it. *Id.* at 1353. The Court also should scrutinize the reasonableness of awards for attorneys' fees or litigation costs. *See Bonetti v. Embarq Mgmt. Co.*, No. 07-cv-1335, 2009 WL 10670428, at *2 (M.D. Fla. June 15, 2009).

There is a strong presumption that settlement of FLSA wage claims is fair. *See King v. My Online Neighborhood, Inc.*, No. 06-cv-435, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007). Scrutinizing the fairness of a FLSA settlement agreement is essentially a totality-of-the-circumstances inquiry. *See Richter v. Dolgencorp, Inc.*, No. 06-cv-01537, 2014 WL 6645542, at *1 (N.D. Ala. Nov. 24, 2014) ("[T]he totality of the proposed settlement is fair and reasonable."). District courts, however, have considered the following factors: (1) the existence of fraud or collusion behind the agreement; (2) the litigation's likely complexity, risk, expense, and duration; (3) the stage of litigation and the discovery completed; (4) the plaintiff's probability of success; (5) the range of the plaintiff's possible recovery; and (6) the opinions of counsel. *King*, 2007 WL 737575, at *3 (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Akl sued Mercedes-Benz on July 27, 2026. Doc. 1. Counsel for both parties claim to "have engaged in informal discovery" since that time, "including the exchange of information about the claim and information and documents regarding the nature and amount of hours" Akl worked, and the compensation due to him. Doc.

3 at 2. Although Mercedes-Benz continues to dispute liability, it has agreed to settle his claims for $20,000. *Id.* at 2–3. That amount represents "approximately … 2.5 hours of overtime pay per workweek for [Akl] for ***all*** of the approximately 66 workweeks" that fall within the FLSA's two-year statute of limitations, *id.*, and the maximum amount of liquidated damages payable under the FLSA, *id.* at 3; *see also* 29 U.S.C. § 216(b).

Further, Mercedes-Benz agrees to pay Akl's litigation costs of $405 (amounting to the filing fee), and attorney's fees of $9,595. Doc. 3 at 3. The parties represent that these fees were agreed upon separately by the parties, without regard to the amount paid to Akl. *Id.* Finally, the parties represent that each of them had an opportunity to review and analyze the employment and financial data relevant to Akl's claims and have concluded that continued litigation would not be more economically beneficial than settlement. *Id.* Both parties have separate but similar concerns regarding the uncertainties inherent to litigation and therefore have concluded that settlement is optimal for resolving their dispute. *Id.* at 3–4.

Nothing in these facts suggests any kind of fraud or collusion. Given the risks and costs inherent to litigation, and the complexities, uncertainties, and "inherent difficult[ies]" involved in proving Akl's claims, *id.* at 4, settlement at this time is fair and reasonable. And because this agreement was negotiated and reached by the parties, represented by counsel, as a "reasonable compromise over contested issues,"

*id.* at 5, the Court finds that it is a "fair and reasonable resolution of a bona fide dispute," *King*, 2007 WL 737575, at *5. Nor does any unreasonableness appear regarding the $10,000 to be paid in attorney's fees and costs. Doc. 3 at 3. This conclusion is reinforced by it being agreed upon separately, without regard to the amount paid to Akl, and apparently having had no effect on the amount of Akl's recovery. *Id.*; *see also Holt v. Jefferson Cnty. Comm. for Econ. Opportunity*, No. 2:17-cv-683, 2019 WL 3208128, at *3 (N.D. Ala. July 16, 2019).

## CONCLUSION

The Court **GRANTS** the parties' joint motion for settlement approval (Doc. 3), approves the settlement, the itemized monetary distribution to Akl and his counsel as set forth in the Settlement Agreement, and **DISMISSES** this case **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to close this case.

**DONE** and **ORDERED** this 3rd day of November, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE